IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| vs. ) | Case No. 19 C 50104 |
| ) | |
| CEDRIC HAYES, ) | |
| ) | |
| Movant. ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Cedric Hayes pleaded guilty to a charge of possessing a firearm after having been convicted of a felony, and he is currently serving a term in prison. He has moved the Court under 28 U.S.C. § 2255 to vacate or correct his sentence. He also has moved for release pending the resolution of his section 2255 motion.

### Background

A few of Hayes's prior criminal convictions are relevant for the purpose of this opinion. In August 2002, he was convicted in an Illinois state court of the possession of a controlled substance. He was initially sentenced to a two-year term of probation, but the court later revoked his probation and sentenced him to boot camp. The court subsequently revoked his participation in boot camp and sentenced him to two years in prison. In February 2003, Hayes was convicted in an Illinois state court of aggravated unlawful use of a weapon in violation of 720 Ill. Comp. Stat. Ann. 5/24-1.6—a statute that the Seventh Circuit and Illinois Supreme Court later found to be unconstitutional.

*United States v. Hayes*, 872 F.3d 843, 847 (7th Cir. 2017) (citing *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012); *People v. Aguilar*, 2013 IL 112116, ¶ 22, 2 N.E.3d 321, 328 (2013)).  In May 2007, he was convicted in an Illinois state court of attempted murder and aggravated vehicular hijacking and sentenced to ten years in prison.

Hayes's federal sentence, which he is currently serving, involves conduct in November 2015, when he sold a revolver to a confidential informant and, nine days later, possessed an AK-47 rifle that he intended to sell to the informant.  A grand jury indicted Hayes, and he pleaded guilty to a charge under 18 U.S.C. § 922(g)(1) for possessing a firearm after having been convicted of a felony.  In October 2016, the district court held a sentencing hearing and concluded that Hayes' Sentencing Guidelines offense level was twenty-three and his criminal history was five, resulting in an advisory sentencing range of eighty-four to 105 months.  The judge imposed a sentence of ninety-four months imprisonment.

Hayes appealed.  On appeal, he argued that the district court improperly applied an enhancement to his base offense level under section 2K2.1(b)(4)(B) of the United States Sentencing Guidelines based on an erroneous finding that the rifle's serial number had been altered or obliterated.  He also challenged the district court's calculation of his criminal history.  On October 3, 2017, the Seventh Circuit affirmed the district court's application of the base offense level enhancement but found that the district court erred in assessing three criminal history points based on Hayes's 2003 conviction under an unconstitutional statute.  *Hayes*, 872 F.3d at 847.  It remanded for resentencing.  *Id.*

On January 22, 2018, the district court held a resentencing hearing at which it

found that Hayes's total offense level was twenty-three and his criminal history score category was four, resulting in an advisory range of seventy to eighty-four months. On February 6, 2018, the district court imposed a seventy-six-month prison sentence.

On May 2, 2019, Hayes filed the present motion under section 2255 by placing it in the prison mail system. On the same day, he moved for a ninety-day extension to file a memorandum in support of the motion; the Court gave him a 120-day extension. On March 30, 2020, after the parties had filed their briefs, Hayes filed a motion seeking to expedite the proceedings or, in the alternative, for the Court to order his release pending its decision in light of the risks posed by the coronavirus pandemic to prisoners like him.

## Discussion

**A.    Statute of limitations**

Under section 2255, a federal prisoner may move to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution or laws of the United States or that is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A motion under section 2255 must be filed within one year of the latest of four dates identified in section 2255(f). The default rule is that a prisoner must file a section 2255 motion within one year after the date on which his judgment of conviction became final. *Id.* § 2255(f)(1). Hayes's amended judgment of conviction became final on February 20, 2018, the date that his ability to appeal the district court's amended judgment lapsed. *See Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013); Fed. R. App. P. 4(b)(1). He placed his section 2255 motion in the prison mail system on May 2, 2019, as indicated—more than one year later. *See Boulb v. United States*, 818 F.3d 334, 338 n.3 (7th Cir. 2016)

(habeas corpus petition is deemed filed when the petitioner gives it to the proper prison authorities).

Hayes argues, however, that his conviction became final on the last day he could have petitioned the Supreme Court for certiorari regarding the part of his sentence that the Seventh Circuit affirmed. But even if that was true, he did not file his 2255 motion within one year of the last day he could have petitioned the Supreme Court for certiorari. The Seventh Circuit entered its judgment on October 3, 2017, as indicated. Assuming Hayes could have petitioned for certiorari, the time in which he could have filed his petition expired ninety days after entry of the Seventh Circuit's judgment, on January 1, 2018. *See Clay v. United States*, 537 U.S. 522, 525, 527 (2003). He filed his 2255 motion more than one year after that.

Hayes also contends that a later trigger date for the statute of limitations applies to his section 2255 motion because it is based on newly discovered facts. Specifically, he contends the trigger date should be "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" after the judgment of conviction became final. 28 U.S.C. § 2255(f)(4). Hayes argues that he discovered new facts when he learned about a legal doctrine that, he contends, indicates the sentencing court improperly assessed his 2002 drug-related conviction in determining his sentence. Under the doctrine to which he refers, courts use a "categorical approach" to determine whether a particular state conviction qualifies as a predicate offense for the enhancement of a sentence. *See, e.g.*, *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *United States v. Elder*, 900 F.3d 491, 497–501 (7th Cir. 2018). Hayes contends that he could not have discovered this doctrine earlier

4

through due diligence because he had limited access to new case law in prison.

Section 2255(f)(4), however, is not triggered when a petitioner discovers or understands a new legal decision or theory. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000), *as amended* (Jan. 22, 2001) (discussing statute of limitations for 28 U.S.C. § 2254(d)(1)—a provision analogous to section 2255(f)(4)); *see also Clarke*, 703 F.3d at 1100 (citing *Owens* with approval when determining what constitutes a "fact" under section 2255(f)(4)); *Hanson v. United States*, No. 09-CR-40003-JPG-06, 2018 WL 264110, at *2 (S.D. Ill. Jan. 2, 2018), *aff'd,* 941 F.3d 874 (7th Cir. 2019) (discovery of a legal theory in a district court decision in a separate case did not constitute a new fact under section 2255(f)(4)). This is particularly true where, as in this case, the legal theory on which the movant relies existed before his statute of limitations lapsed and could have been discovered through due diligence. *See Pirtle v. United States*, No. 3:16-CV-3047, 2016 WL 3647836, at *2 (C.D. Ill. June 30, 2016). Therefore, section 225(f)(4) does not apply.[1]

In sum, Hayes filed his habeas corpus petition too late, unless he can show a basis for tolling the one-year limitation period, which the Court will discuss next.[2]

**B.    Equitable tolling**

Equitable tolling is a basis on which a movant under section 2255 can "avoid the bar of the statute of limitations." *Clarke*, 703 F.3d at 1101. It is an extraordinary

---

[1] Even if section 2255(f)(4) applied to Hayes's petition, the "categorical approach" likely would not apply to his sentence. The sentencing court considered Hayes's 2002 drug conviction in calculating his criminal history score, not as a predicate offense for the purposes of enhancing his sentence. *Cf. Mathis*, 136 S. Ct. at 2248.

[2] The Court will address whether Hayes's limited access to new case law prevented him from timely filing his motion in its discussion of equitable tolling.

5

remedy available to a habeas corpus petitioner or movant under section 2255 who shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (discussing equitable tolling as applied to a section 2254 petition); *see also Boulb*, 818 F.3d at 339 (equitable tolling analysis articulated by the Supreme Court in *Holland* applies to section 2255 petitions).

Hayes argues that he has satisfied both requirements of equitable tolling. He contends that he has been reasonably diligent in pursuing his rights throughout the limitations period by filing an appeal with regard to aspects of his sentence, continually researching legal issues in his case, and paying for legal services. But his filing of an appeal does not show reasonable diligence during the limitations period; the Seventh Circuit decided the appeal before the limitations period started to run. And although Hayes contends that he continually researched his case, that alone is not enough to establish reasonable diligence. If he encountered obstacles in researching his case, as he contends, Hayes could have asked the Court for an extension in filing his 2255 petition. *Cf. Socha v. Boughton*, 763 F.3d 674, 688 (7th Cir. 2014) (section 2254 habeas corpus petitioner established that he diligently pursued rights during limitations period with evidence that he repeatedly wrote his attorney requesting access to his file, requested help from the public defender's office, used limited library time to work on his petition, and contacted the court before time expired to ask for an extension). Hayes did not do so. Instead, he waited until months after the lapse of the period of limitations to ask for an extension (when, after filing his motion, he sought extra time to file a supporting memorandum). For these reasons, Hayes has not shown that he has been

reasonably diligent in pursuing his rights.

Even if Hayes had been reasonably diligent in pursuing his rights through the limitations period, he has not shown that extraordinary circumstances prevented the timely filing of his section 2255 motion. Hayes argues that he did not learn of an issue has raised on the merits—the "categorical approach" courts take in considering predicate offenses, mentioned earlier in this opinion—until after the statute of limitations lapsed. He contends that he learned of his other arguments on the merits in researching that issue. And, again, he explains that he did not learn about the issue sooner was because he has had limited access to new case law from prison since a publication reporting on new criminal opinions was discontinued in 2018.

A movant's lack of legal knowledge or training by itself does not justify equitable tolling. *Socha*, 763 F.3d at 685. Lack of access to a prison law library may, however, amount to an government-created impediment to the filing of a 2255 motion that could entitle a movant to a later start date for the one-year limitation period under section 2255(f)(2), *Estremera v. United States*, 724 F.3d 773, 776–77 (7th Cir. 2013), or could be a viable basis for equitable tolling, *see Socha*, 763 F.3d at 686–88. But Hayes has not shown that he was "deprived of meaningful library access." *Gray v. Zatecky*, 865 F.3d 909, 913 (7th Cir. 2017) (section 2254 petition). Rather, he appears to have had access to legal sources other than the one particular publication that reported on new criminal opinions. Indeed, he contends that he was "continuously researching and paying for legal services" after that publication was discontinued. Reply (dkt. no. 15) at 3. And he does not contend that his time or ability to access other legal materials were so limited that it was "nearly impossible" for him to "craft a meaningful [motion] before

7

the deadline." *Socha*, 763 F.3d at 687. Accordingly, Hayes has not shown that his limited access to new case law justifies equitable tolling.

Hayes also argues that his counsel's allegedly ineffective assistance on appeal and at his resentencing created extraordinary circumstances that justify equitable tolling. This argument misses the mark. "'Extraordinary circumstances' are present only when an 'external obstacle' beyond the [movant's] control 'stood in [his] way' and caused the delay." *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (quoting *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016)). Because Hayes does not contend that his counsel's allegedly ineffective assistance caused his delay in filing his section 2255 motion, he has not demonstrated that his counsel's allegedly ineffective assistance during the pendency of his appeal or resentencing proceedings justifies equitable tolling of the time that started to run only after his appeal and resentencing were concluded. *See id.* at 555–61 (declining to recognize an exception to equitable tolling for untimely claims of ineffective assistance of trial counsel).

For these reasons, the Court finds that Hayes has not met the requirements for equitable tolling. Therefore, the Court concludes that Hayes's 2255 motion is barred by the statute of limitations, which renders moot his motion for release pending the Court's decision on his section 2255 petition.

## Conclusion

For the foregoing reasons, the Court directs the Clerk to enter judgment denying Cedric Hayes's motion under 28 U.S.C. § 2255 [dkt. no. 1]. The Court also denies as moot Hayes's request for release pending review of his motion [dkt. no. 25]. The Court

declines to issue a certificate of appealability under 28 U.S.C. § 2253(c), because its determination that Hayes's motion is time-barred is not fairly debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

                                                                          _____
                                                                          MATTHEW F. KENNELLY
                                                                          United States District Judge

Date: May 4, 2020